UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANVEL HAKOBYAN,<br>Petitioner,<br>v.<br>JAMES JANECKA, et al.,<br>Respondents. | Case No. 5:26-cv-05203-SSC<br><br>MEMORANDUM AND ORDER GRANTING UNOPPOSED HABEAS PETITION |

Before the Court is a counseled petition for habeas corpus brought by Manvel Hakobyan who alleges that his re-detention by immigration officials violated Due Process Clause of the Fifth Amendment. (ECF 1 at 5–8.) The petition alleges the following facts.[1] Petitioner was lawfully paroled into the United States and was issued a Form I-94 for two years, until January 4, 2026. (*Id.* at 2.) After his release, he complied with all immigration requirements. (*Id.*) On September 3, 2026, Immigration and Customs Enforcement officers arrived at Petitioner's house and took him into custody. (*Id.* at 4.) Petitioner has no criminal convictions, though sometime in 2026, Petitioner and his wife were involved in a domestic argument during which the police were called

[1] Because Respondent has not provided information about Petitioner, all facts contained herein are taken directly from the petition unless otherwise noted.

because of loud noise. (*Id.* at 4.) He is being held in Adelanto, California. (*Id.* at 3.)

Respondent has failed to oppose the petition or to appear in this matter at all despite notice and a briefing deadline that passed on September 16, 2026.[2] (ECF 5.) Accordingly, the Court grants the petition.

**ORDER**

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered (1) granting the unopposed petition; and (2) ordering Respondents to release Petitioner **Manvel Hakobyan (A# 244-336-989)** from immigration custody immediately under conditions of supervision found to be appropriate by the decisionmaker.

DATED: September 17, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

[2] Counsel for Respondents have previously stated that, generally in immigration habeas matters, judges in this district should take a failure to file a notice of appearance or required response as a non-opposition. "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).